Receipt # 080019

ORIGINAL

FILED
MAY 14 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHARLES J. RUSSELL ) | NO: ______________ |
| VERSUS ) | COMPLAINT 08-349 C |
| THE UNITED STATES OF AMERICA ) | |

**COMPLAINT**

Now comes before this honorable court plaintiff Charles J. Russell, a United States citizen currently domiciled in Kentwood, Louisiana, who respectfully pleads as follows:

I.

Made defendant herein is the United States of America.

II.

Jurisdiction is invoked and sovereign immunity is waived in this matter pursuant to the Tucker Act 28 U.S.C. § 1491 and the Military Pay Act, 37 U.S.C. § 204. The matter is brought pursuant to 28 U .S.C. § 1491(a) for moneys due under the Constitution of the United States, an Act of Congress and/or the regulation of an executive department or in the alternative upon a express or implied contract with the United States.

III.

Plaintiff served in the United States Marine Corps from April 5, 1992 and was released to the Reserves, April 5, 1996 with an honorable discharge. Affiant remained in the Selected Marine Corps Reserve and was activated for Operation Iraqi Freedom in March 2003. He arrived in country Iraq in May of 2003. He also served in combat operations in Somalia while on his

initial active duty.

IV.

Prior to service in the Marine Corps, affiant served in the United States Army on active duty for approximately one month. Affiant was discharged in 1991 with an entry level separation under honorable conditions because of an eyesight problem.

V.

Upon arrival in Iraq affiant was assigned to Al Kut, in southeastern Iraq with the 3/23 Marines, H & S Company. Affiant was acting platoon Sergeant. His rank was Sergeant (E-5).

VI.

While in Iraq, affiant was assigned as security for convoys. On two occasions, the convoy came under small arms fire. While at Al Kut the base was subject to occasional sniper fire.

VII.

On May 17, 2003, affiant was scheduled to relieve the security detail at Gate "A." The previous shift had left a number of Iraqi civilians blocking the road. Upon arrival of a scheduled convoy, the Iraqi civilians rushed the vehicles, supposedly to sell them their wares. One of the Iraqis, was standing separate from the other civilians. He appeared to have a large bag that affiant believed could have contained a satchel charge or an Improvised Explosive Device.

VIII.

Affiant intended to throw a flash/bang grenade to clear the possible insurgent and others from the road way into the approved areas.

IX.

During previous briefing sessions, the affiant had been instructed to use flash/bang grenades to clear the roadway. He did not receive specific training in the use of the flash/bang grenades. He had been instructed by the Company Commander to keep the road clear.

X.

Affiant picked up a flash/bang grenade that had been left by the previous guard detail and pulled the pin. Before he could throw the flash/bang grenade, it exploded in his hands resulting in injury to both hands. He had his left hand covering his right hand at the time of detonation. The fingers were burned and mutilated by the flash/bang grenade. Affiant is right hand dominant.

XI.

Affiant actually heard the grenade arm prior to the spoon being released.

XII.

Affiant was treated at a medical clinic at AL Kut then MEDEVACD that day to Baghdad and then to Rota Spain. At Rota Spain, a portion of affiant's little finger was amputated. Mr. Russell still suffers pain in both hands, his hands cramp when used. The right ring finger is somewhat mutilated and he is missing his right little finger to the first knuckle

XIII.

Affiant has also been treated by the VA for Post Traumatic Stress Disorder.

XIV.

Affiant has received a 60% disability from the Department of Veterans Affairs.

XV.

After leaving Spain, affiant was sent to the National Naval Medical Center in Bethesda

Maryland. It was determined that his right ring knuckle and ring little finger knuckle were broken. He was treated for the fracture. He still has the pins in his hands. He also received treatment for the burns.

XVI.

Affiant was transferred to Camp Pendleton Hospital in September of 2003 for physical therapy.

XVII.

He was unable to do physical therapy.

XVIII.

At no time was affiant advised of the physical disability program. No medical evaluation board was ever convened or offered to affiant.

XIX.

Plaintiff was eligible for a fitness for duty determination by the disability evaluation system pursuant to Secretary of the Navy Instruction (SECNAVINST) 1850.4D.

XX.

Regulations in force at this time, specifically SECNAVINST 1850.4D provided that a reservist who served more than thirty days active duty who's condition incurred or was aggravated on active duty should be determined to be fit or unfit and if found unfit, awarded disability benefits or severance pay.

XXI.

Plaintiff was discharged on 3 December 2003 without being referred to the disability evaluation system.

XXII.

From the time of his injury while on active duty until separation, plaintiff's condition has been permanent and stable.

XXIII.

Governmental agencies, including the Department of the Navy, are required to follow the Constitution and laws of the United States as well as their own regulations.

XXIV.

The United States is required to follow its own statutes and regulations.

XXV.

Defendant United States failed to follow their own statutes regulations and directives.

XXVI.

Plaintiff was improperly released from active duty despite being medically unfit for release from active duty.

XXVII.

Defendant United States deprived plaintiff of monetary benefits including pay, allowances and disability retired pay by failing to follow its own instructions, specifically the Manual of the Medical Department, by failing to convene a medical board and/or refer the medical board to the Physical Evaluation Board pursuant to SECNAVINST 1850.4 series while plaintiff was on active duty. The plaintiff had the right to have his medical condition evaluated and if appropriate, to have been medically retired from active duty.

XXVIII.

Defendant United States deprived plaintiff of monetary benefits including pay,

allowances and disability retired pay by acting arbitrarily and capriciously, in violation of the Constitution, laws and regulations of the United States in not making a determination as to whether he was fit or unfit for duty. Since the medical condition manifested itself while on active duty, plaintiff should have been processed while on active duty and if appropriate, to be medically retired from active duty.

XXIX.

Pursuant to 10 U.S.C. § 1074, plaintiff has a constitutionally protected property interest in receiving medical treatment while on active duty.

XXX.

The plaintiff was denied his right to medical treatment without notice or a hearing as required by the due process clause of the Fifth Amendment to the United States Constitution.

XXXI.

By depriving plaintiff of his constitutional rights, defendant United States deprived plaintiff of monetary benefits including pay, allowances and disability retired pay by not retaining him on active duty to receive medical treatment.

WHEREFORE PLAINTIFF PRAYS THAT for the foregoing reasons set forth,

(1) that this court restore plaintiff to active duty with all pay and benefit retroactive to December 3, 2003, the date of his improper release from active duty.

(2) that after setting aside the improper release from active duty, this court direct that he be evaluated pursuant to SECNAVINST 1850.4 series to determine whether he is fit for release from active duty and retirement or in the alterative whether he should be processed pursuant to the Disability Evaluation System retroactive until

December 3, 2003.

(3) that in the alternative the matter be remanded to the Navy's Physical Evaluation Board for review and evaluation to determine whether he be granted benefits or separation pay pursuant to SECNAVINST 1850.4D.

(4) that he be awarded all costs of this action.

(5) that he be awarded, attorney fees pursuant to the Equal Access to Justice Act, and all other relief that this court finds to be just and equitable.

Respectfully Submitted,

John B. Wells
Attorney for the Plaintiff
LA Bar #23970
Post Office Box 5235
Slidell, LA 70469-5235 (mail)
769 Robert Blvd, Suite 201D
Slidell, LA 70458 (physical)
985-641-1855
985-649-1536 (fax)